## IN RE APPLICATION FOR DISCIPLINE OF JAMES M. WITHEROW.[1]

April 9, 1948.

No. 34,293.

*William P. Horan*, for Practice of Law Committee of Minnesota State Bar Association.

*James M. Witherow, pro se.*

PER CURIAM.

This is a disciplinary proceeding brought by the Practice of Law Committee of the Minnesota State Bar Association. The facts were determined by a referee, whose findings are unchallenged by either party.

Respondent was duly admitted to the bar in 1898 and has since been engaged in the active practice of law in the city of Moorhead.

Petitioner predicates its action on the alleged violation of M. S. A. 481.15, subd. 1(3, 4), which provides:

"An attorney at law may be removed or suspended by the supreme court for any one of the following causes arising after his admission to practice:

\* \* \* \* \*

"(3) For wilful disobedience of an order of court requiring him to do or forbear an act connected with or in the course of his profession;

---

[1]Reported in 32 N. W. (2d) 176.

"(4) For a wilful violation of his oath, or of any duty imposed upon an attorney at law."

The claimed violations of the statute arose out of respondent's handling of three estates, in two of which he acted as administrator and in the third as the guardian of an incompetent.

In all three cases, respondent is charged with having acted in the dual capacity of representative and attorney and with having charged a fee for his services in each capacity. Another fault common to all three cases was his failure to file timely inventories and accounts. In the first estate, the main complaint is that respondent spent large sums of money in the repair of estate property without explicit authorization by the probate court to do so; in the second, the main objection is that he permitted foreclosure against one of the tracts of land belonging to the estate; and in the guardianship case he is charged with neglecting to pay taxes, which resulted in the loss of certain property.

The referee found that the expenditures in the first case were made in the belief that it was for the best interests of the estate; that the foreclosure in the second estate was caused by the heirs' failure to coöperate, although respondent constantly warned them of the consequences if they failed to provide money for payment of amounts due on the mortgage. The failure to pay taxes in the guardianship matter is, in the words of the referee, "something that can be explained only by having reference to his system of bookkeeping."

The findings herein were dated November 21, 1946. In the estate of Martin Alfred Hauge, the first case under consideration in this proceeding, Judge Byron R. Wilson of the district court for Clay county, in modifying on appeal the order of the probate court, said in his memorandum on March 6, 1947:

"There was no loss to the estate, hence no liability or penalty upon the representative. * * * The heirs will receive far more than the value of the estate at the time of the death of their father * * * the heirs are already fortunate and it would be an unjust enrichment of them to require a forfeiture by this appellant of fees well earned in his capacity as administrator. * * * Justice would be thwarted

and equity denied if the court should take from this deserving and conscientious representative large sums to further enhance the assets of the estate of Martin Alfred Hauge, and this the courts do not approve, penalties being imposed to compensate for losses due to inefficient administration." And further: "Mr. Witherow was removed apparently because of his failure to file inventory and appraisal, a requirement of the statute which might well have been enforced many years before, * * *."

While we cannot condone respondent's dilatory actions and loose methods, the findings show no wilful or intentional wrongdoing; in fact, the opposite appears. Since the burden of showing wrongdoing rested upon petitioner, we are of the opinion that the proceeding should be dismissed, and it is so ordered.