In the Matter of the Request of Warren Henry JOHNSON to Resign as an Attorney at Law from the Bar of the State of Minnesota

and

In the Matter of the Application for the Disbarment of Warren Henry JOHNSON, an Attorney at Law of the State of Minnesota.

No. 50475.

Supreme Court of Minnesota.

Jan. 11, 1980.

Michael J. Hoover, Administrative Director on Professional Conduct, Lawyers Professional Responsibility Bd., St. Paul, for petitioner.

Warren Henry Johnson, pro se.

PER CURIAM.

This matter is before this court upon the petition of the Lawyers Professional Responsibility Board. The facts are not in dispute. Warren Johnson was admitted to practice law in the State of Minnesota in 1949. Johnson actively engaged in the practice of law in Minneapolis, Minnesota, until 1975. He conducted his practice up until that date in accordance with the standards established by this court. In 1975, Johnson ceased actively practicing law in Minnesota, moved to Florida, has been admitted to practice in Florida, and now engages in the practice of law in the State of Florida.

Johnson's problems arise from his failure to close up his Minnesota practice in a prompt and diligent manner. At the time of the hearing before the Board in August of 1978, there were outstanding 12 complaints relating to the probate of estates in which Johnson was the attorney of record. Three of the complaints related to the estates of his mother and father. As to each estate, some unfinished work remained which precluded their closing. In several of the proceedings, interest and penalties were being assessed for failure to timely file inheritance tax returns. However, we do note that in none of these matters is there any allegation of misuse of funds or improper advancement of attorneys fees.

Following the hearing, the Board recommended to this court that Johnson be permitted to resign from the Bar of the State of Minnesota, subject to the following conditions:

A. Petitioner must remain in the State of Minnesota until he has agreed, in writing, to submit his resignation as a member of the bar of the State of Minnesota, upon the terms and conditions prescribed by the Panel.

B. Prior to his return to Florida, Petitioner shall make satisfactory arrangements with one or more attorneys who are licensed to practice law in, and reside in, the State of Minnesota, to assume sole responsibility for the completion of any and all cases and legal matters now pending in

Minnesota courts or pertaining to Minnesota residents. The matters to be turned over to Minnesota lawyers shall include, but shall not be limited to, all matters described in the letter of complaint, dated August 2, 1979.

C. Petitioner shall, within ten (10) days after returning to Florida, transfer to the Minnesota lawyer or lawyers retained to complete the legal matters described in paragraph B, all client property, client funds, and trust funds pertaining to said matters.

D. Petitioner shall reimburse all clients and estates, and other persons who have suffered any pecuniary harm as a result of Petitioner's dilatory handling of their matters. Said reimbursement shall include, but not necessarily be limited to, payment for any unnecessary bond premiums, interest, and late penalties for taxes, and other expenses incurred as a result of Petitioner's neglectful handling of legal matters entrusted to him.

E. Petitioner shall consent to the release to Florida disciplinary authorities of any and all information pertaining to the investigation of all complaints of unprofessional conduct lodged by clients, courts, or other persons, against Petitioner.

F. Petitioner shall, promptly upon his return to Florida, seek assistance for his alcoholism, and shall submit a quarterly report to the Administrative Director from a chemical dependency center or a chapter of Alcoholics Anonymous, certifying that Petitioner has maintained total abstinence from alcohol.

At the hearing before this court, Johnson appeared on his own behalf and agreed to the terms and conditions recommended by the Board, and further agreed to such other terms and conditions that this court might impose which implement the recommendations of the Board.

■ Johnson has admitted engaging in acts of professional misconduct which are violative of various sections of the Code of Professional Responsibility, including DR 1–102(A)(1), (6), DR 6–101(A)(3), DR 7–101(A)(1), (2), and DR 9–102(B)(3). He asks this court to allow him to resign rather than to impose any sanction such as suspension or disbarment for his acts of misconduct. Rule 11, Rules of Lawyers Professional Responsibility, authorizes this court to grant a lawyer's request to resign from the Bar as follows:

This Court may at any time, with or without a hearing and with any conditions it may deem appropriate, grant or deny a lawyer's request to resign from the bar.

However, this court has previously taken the position that resignation is not allowable where violations of a lawyer's professional duties justify disbarment. *In re Application for Discipline of Streater*, 262 Minn. 538, 115 N.W.2d 729 (1962). In *Streater*, a referee recommended that the lawyer in question be allowed to resign. In rejecting the referee's recommendation, this court stated:

The referee recommends that this court grant respondent's petition to be permitted to resign rather than to be disbarred. In support thereof, he quotes from *Application of Smith for Reinstatement as Attorney*, 220 Minn. 197, 19 N.W.2d 324, wherein the court set forth the purpose of disbarment as later approved in *In re Application for Discipline of Hanson* [258 Minn. 231, 103 N.W.2d 863], *supra*. He urges that the resignation of respondent as an attorney would serve the purposes outlined therein in guarding the administration of justice and protecting the courts, the legal profession, and the public, and jeopardize none of them. But if this court were to establish as a precedent that any attorney, notwithstanding flagrant violations of his professional duties and responsibilities, could, when pressure for disbarment became acute, urge that his mental condition had brought about such misconduct and that therefore he should be permitted to re-

sign, the result would scarcely operate as a deterrent against legal misconduct. We feel that where misconduct and violation of the canons of ethics justify disbarment such a penalty must follow.

262 Minn. at 543, 115 N.W.2d at 733.

Rule 11, Rules of Lawyers Professional Responsibility, was adopted on November 1, 1976, and did not become effective until January 1, 1977. *Streater* was decided prior to this time when there were no similar provisions in effect. In a case decided after the adoption of Rule 11, this court applied the holding in *Streater* and refused to reexamine that holding in light of the promulgation of Rule 11. *Application of Hetland,* 275 N.W.2d 582 (Minn.1978). Therefore, it appears from these cases that Rule 11 may never be applied in a case where disbarment is the appropriate sanction.

■ Upon review of the record in this case, we are satisfied that disbarment is not an appropriate sanction at this time. Johnson conducted his law practice in Minnesota in accordance with ethical standards. No complaints were filed against him during his 26-year career in Minnesota. It is unfortunate that he could not have persevered in closing his Minnesota practice in the same manner that he had conducted his law practice.

We will accept Johnson's resignation from the Bar of the State of Minnesota upon the following conditions:

1. Johnson shall forthwith submit his resignation as a member of the Bar of the State of Minnesota to this court.

2. Johnson shall furnish to this court written undertakings by an attorney or attorneys admitted to practice law in this state, agreeing to substitute themselves as attorneys of record in any of the proceedings not yet closed which were the subject matter of the complaints filed against Johnson and any other matters which, examination of his office records reveals, have not been closed. This written undertaking shall include a statement that the substituted attorney has received from Johnson the files, client property, client funds, trust funds, and any other property or information necessary to successfully close the outstanding files.

3. Johnson shall furnish to this court a statement from the clerk of probate court of the appropriate jurisdiction stating that all estates which Johnson alleges have been closed are in fact closed.

4. Johnson shall furnish satisfactory evidence that he has reimbursed all clients and estates, and other persons who have suffered any pecuniary harm as a result of his dilatory handling of their matters. Said reimbursement shall include, but not necessarily be limited to, payment for unnecessary bond premiums, interest, and late penalties for taxes, and other expenses incurred as a result of his neglectful handling of these matters.

5. Johnson shall file a written consent with this court that the Executive Director of the Board may directly forward to the appropriate discipline authorities of Florida all information and records which are part of these proceedings, together with a recommendation to the Florida authorities that Johnson be placed upon a supervised program relating to his law practice in that state, with particular emphasis on his misuse of alcoholic beverages and his need for treatment for this problem.

6. All materials that Johnson is required to furnish this court shall be filed with the clerk of this court within 90 days of the date of this opinion. If Johnson fails to file all of the required materials within the time specified, the Executive Director of the Board will so advise this court. The matter shall then be deemed resubmitted without further proceedings to this court which will then enter such order of discipline as it deems appropriate.

7. If Johnson timely submits all materials required by the conditions of this decision, and such materials are determined by the court to satisfy the conditions here imposed, then, but not otherwise, this court will enter its order accepting Johnson's resignation from the Bar of the State of Minnesota.

Request to resign provisionally granted.