**In the Matter of the Application for the Disbarment of Warren Henry JOHNSON, an Attorney at Law of the State of Minnesota.**

No. 50475.

Supreme Court of Minnesota.

Jan. 9, 1981.

Michael J. Hoover, Director, and Richard C. Baker, Staff Atty., Lawyers Professional Responsibility Board, St. Paul, for appellant.

Warren Henry Johnson, pro se.

PER CURIAM.

On January 11, 1980, this court issued its opinion granting respondent Warren Henry Johnson's request to resign as a member of the Minnesota Bar provided he complied within 90 days with seven conditions set out in the opinion. *Matter of Johnson,* 290 N.W.2d 604 (Minn.1980). Johnson having failed to comply, the matter is now before us on the motion of the Lawyers Professional Responsibility Board for an order to disbar or for other discipline.

The first condition was for Johnson to file his written request to resign. He has done this. The second condition required him to obtain written undertakings from other Minnesota attorneys to take over his unfinished files together with an actual turnover of the files. An undertaking has been received as to only four of the unfinished probate files. The third condition required Johnson to furnish a statement from the clerk of probate court confirming that probates said to be closed are closed. We have instead received a statement, obtained for us by the Board, that four probate files remain open.

Neither has respondent complied with the fourth condition which requires him to furnish evidence that clients or estates have been reimbursed for any losses incurred as

a result of neglect. Johnson has apparently complied with the fifth condition pertaining to notifying the Florida Bar authorities of these proceedings.

Johnson, personally appearing for the hearing on this motion, admits the noncompliance but offers no excuse of any merit. For the past 4 years respondent has practiced law in Florida, where he was admitted in 1976. He has provided us with evidence that since last January he has obtained help in Florida for his alcoholism. His practice in Florida is apparently without incident.

Respondent's conduct is quite inexplicable. He says he wishes to avoid disbarment, but he is unwilling or unable to take the steps needed to avoid that result. If he is correct only a few probate files, wherein distribution has already been made, remain to be closed, and the sum to reimburse the estates is apparently not large. The sensible solution for respondent would be to retain a Minnesota attorney to do what has to be done.

In our prior opinion permitting Johnson to resign on condition, we pointed out that none of the complaints involved misuse of funds and that Johnson had conducted an ethical practice for 26 years in this state. These considerations, when coupled with respondent's seeming psychological difficulties, have some relevance.

Consequently, if, within 20 days of this order, respondent files with this court a retainer agreement with a Minnesota attorney, wherein the attorney undertakes to represent respondent in these proceedings, the court will defer final action until April 1, 1981, allowing that time to accomplish compliance with the conditions for resignation set out in our prior opinion.

If the retainer agreement is not filed within 20 days of this date, we shall forthwith enter an order disbarring respondent from the practice of law in this state.