422 N.W.2d 731 (1988)
In the Matter of the Application for the DISCIPLINE OF Louis J. McCOY, an Attorney at Law of the State of Minnesota.
No. C3-85-27.
Supreme Court of Minnesota.
May 6, 1988.
*732 Kenneth L. Jorgenson, Asst. Director, William J. Wernz, Director, Office of Lawyers Professional Responsibility Bd., St. Paul, for appellant.
Louis J. McCoy, West St. Paul, for respondent.
PER CURIAM.
The Director of the Lawyers Professional Responsibility Board filed a petition for revocation of probation and further disciplinary action against respondent, Louis J. McCoy, an attorney licensed to practice law in this state since October 15, 1982. The petition alleges violation of the conditions of probation and further unprofessional conduct by misrepresentations and client neglect and by failure to cooperate with the disciplinary investigation.
This matter first came before us in 1985 on a stipulation into which respondent and the Director had entered after respondent admitted that in 1984 he had failed to respond to client inquiries, failed to forward a client's funds promptly, and failed to reply to the Director's request for a response to clients' complaints. On October 18, 1985, we publicly reprimanded respondent and placed him on two years' probation. Among the conditions of respondent's probation were requirements that he abide by the rules of professional conduct, cooperate with any subsequent disciplinary investigation, and maintain office procedure designed to ensure prompt attention to client inquiries and legal matters. In re McCoy, 375 N.W.2d 471 (Minn.1985).
On May 12, 1987, the Director filed the current petition for revocation of probation and further disciplinary action. Respondent concedes the truth of the five counts alleged in the petition. A hearing was held for the purpose of considering the imposition of appropriate discipline. We now adopt the referee's recommendation that respondent should be suspended indefinitely from the practice of law without right to apply for reinstatement until 18 months after the date of suspension.
The May 12, 1987 petition for disciplinary action contained four counts of allegations concerning neglect of clients' matters accompanied by misrepresentations. The first count arose out of respondent's representation of a prison inmate in a marital dissolution proceeding. Respondent failed to keep an appointment with his client, and he failed to respond to inquiries made on the client's behalf. Respondent neither communicated a proposed stipulation to his client nor replied to opposing counsel. Subsequently, opposing counsel revoked an extension to answer the dissolution petition and placed the matter on the default calendar. Despite notice of the hearing, respondent did not appear. Neither did he tell his client about it, and when the client learned that a default decree of dissolution had issued, respondent falsely told the client that he had not received notice of the hearing. Respondent promised to reopen the proceedings but made no attempt to do so. Eventually the client engaged another attorney, who reopened the dissolution proceedings and secured for the client visitation rights with his minor children.
Retained in 1984 to prosecute a dispute with his clients' employer and union over seniority rights, respondent falsely informed his clients that he had noticed a motion for summary judgment, then falsely told them it had been cancelled because of an emergency. Respondent's neglect and misrepresentations caused unnecessary hearings and inconvenienced opposing counsel as well as respondent's clients.
The third count arose out of respondent's representation of the vendees in proceedings for cancellation of a contract for deed. In 1983 respondent obtained a temporary restraining order staying the proceedings; but several months later, on February 13, 1984, summary judgment was granted the vendor when respondent failed to submit a promised memorandum in opposition to the vendor's motion.
On March 2nd the clients gave respondent a certified check in an amount sufficient to reinstate the contract. Respondent *733 tendered the check to the vendor on March 7 and two days later to vendor's counsel. Tender was refused on the ground that the time provided in Minn.Stat. § 559.21 had expired. Respondent did not tell his clients that the vendor had refused to accept payment.
In May 1985, on respondent's advice, the clients requested respondent to institute bankruptcy proceedings and gave respondent money to pay the filing fee. Respondent did not file the bankruptcy petition until six months later. In the meantime the vendor had secured a judicial declaration that the contract for deed was terminated and initiated an unlawful detainer action. Although the bankruptcy proceedings stayed the unlawful detainer, the respondent failed to file objections and the bankruptcy court dismissed the adversary proceeding. The vendor brought a second unlawful detainer proceeding. After assuring the clients that the bankruptcy took care of the matter, respondent failed to appear at the unlawful detainer hearing, and in September the clients were evicted from their home without further notice.
From September through December 1985 respondent repeatedly assured the clients that he would get them back into their home within 30 days. He prepared a letter notifying the landlord that the clients would vacate their apartment by January 1, 1986, and he falsely told the clients that he had arranged for a moving van to return them to their home on December 21st. The clients packed their belongings but the truck did not arrive. When the clients called respondent's office, they were informed that respondent was on vacation. Respondent had neither made moving arrangements nor taken any action to return the clients to the home from which they had been evicted. As a result of these events the clients lost approximately $23,000 equity in their home and a substantial portion of their household goods.
The fourth matter of client neglect  a failure in 1984 to perfect an appeal  was also compounded by false representations to the client on at least two occasions that the appeal had been taken.
These several incidents of neglect and misrepresentation constitute violations of the rules of professional conduct. Those incidents which took place prior to July 1, 1985 variously violated DR 1-102(A)(4), (5), and (6); DR 6-101(A)(3); DR 7-101(A)(2) and (3); DR 7-106(A), MCPR. The incidents which occurred on or after July 1, 1985 involved violations of Rules 1.3, 1.4, 4.1, 4.4, and 8.4., MRPC. Of course, those incidents which took place after October 18, 1985 also violated the terms of respondent's probation.
The petition contained a fifth count alleging non-cooperation with the Director's investigation of one complaint of client neglect. Respondent's failure to respond to three written requests for information regarding the complaint violated Rule 8.1(a)(3), MRPC, and Rule 25, RLPR (non-cooperation with director), and the terms of respondent's probation.
From these undisputed facts, it is apparent that respondent's neglect and misrepresentations have injured his clients. Respondent's only excuse is overwork. While it may well be that this young lawyer was assigned more work than he could handle effectively  an unfortunate but not unique circumstance  overwork does not excuse, or even explain, the repeated disregard of the duties owed his clients and also of the duties owed this court and the officials charged with enforcing the rules of professional responsibility.
The purpose of disciplinary proceedings is not punishment of the respondent, but protection of the public from future harm. In re Jensen, 418 N.W.2d 721 (Minn.1988); In re Franke, 345 N.W.2d 224, 228 (Minn. 1984). Respondent informs us that he is no longer associated with a law firm and that as a sole practitioner he can control the amount of legal business he takes on and can refer to other lawyers those matters in which he lacks experience, and on that ground requests continued probation rather than suspension. It is apparent, however, that probation has been an ineffective rehabilitation measure in this case. Although the neglect and misrepresentations cited in the 1987 petition began before respondent *734 was placed on probation, the pattern of misconduct continued unabated throughout the period of probation and other misrepresentations frustrated attempts to monitor compliance with the terms of probation. We have carefully reviewed the nature of the misconduct and considered the cumulative weight of the violations of disciplinary rules and of the terms of probation, the harm to the public, and the harm to the legal profession, In re Rockne, 375 N.W.2d 28, 30 (Minn.1985), and we conclude that we have no choice except to order suspension.
It is, therefore, the judgment of this court:
1. Respondent is indefinitely suspended from the practice of law, effective immediately, and
2. Respondent may not petition for reinstatement pursuant to Rule 18, Minn.R. Lawyers Prof.Resp., until at least 18 months have elapsed from the date of filing of this opinion.
IT IS SO ORDERED. *735