In re Petition for DISCIPLINARY ACTION AGAINST Louis J. McCOY, an Attorney at Law of the State of Minnesota.

No. C3-85-27.

Supreme Court of Minnesota.

Nov. 17, 1989.

William J. Wernz, Director of the Office of Lawyers Professional Responsibility, Kenneth L. Jorgensen, Sr. Asst. Director, St. Paul, for appellant.

Louis J. McCoy, West St. Paul, pro se., for respondent.

OPINION

PER CURIAM.

Respondent Louis J. McCoy is before this court on a disciplinary matter for the third time since he was admitted to practice law in Minnesota in October, 1982. In 1985 we issued a public reprimand and placed him on probation for two years for misconduct involving a debt collection. On May 6, 1988 we indefinitely suspended him with no possibility of reinstatement for 18 months for neglecting client matters, misrepresentations to clients and noncooperation. Now, in response to a petition for further disciplinary action, filed by the Director of the Lawyer's Professional Responsibility Board on May 8, 1989, we order his disbarment.

Respondent signed a stipulation for dispensing with panel proceedings. When re-spondent failed to timely answer the Director's petition, the Director filed a motion for summary relief requesting that all allegations of the petition be deemed admitted pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR). Instead of filing an answer, the respondent submitted a petition for resignation on May 18, 1989. This court issued an order on June 21, 1989 denying that petition for resignation and deeming as admitted the allegations of the Director's petition. The respondent did not file a brief with this court, but did appear for oral argument.

Respondent was publicly reprimanded and placed on two years probation on October 18, 1985. Respondent had not responded to a client's inquiries concerning a judgment collection. After promising the client he would forward the funds already collected, respondent did not forward the funds until several months later. Respondent did not answer the Director's inquiries about the collection matter until the Director charged him with unprofessional conduct. *In re McCoy*, 375 N.W.2d 471 (Minn.1985).

The Director filed a petition for revocation of probation and for further disciplinary action on May 12, 1987. The petition alleged four counts of neglect of client matters and misrepresentations and a count of noncooperation. The first count alleged that a client, who was incarcerated at the time of representation, lost his home and visitation rights with his children due to respondent's neglect. The third count involved misrepresentations to his clients and opposing counsel in a labor dispute. These misrepresentations resulted in unnecessary hearings as well as inconvenience to all parties. The fourth count concerned respondent's neglect and misrepresentations in a contract for deed cancellation and a bankruptcy proceeding that resulted in his clients' loss of their home. Respondent failed to perfect an appeal in the fifth matter and lied about this to the client. As in the first proceeding, respondent failed to cooperate with the Director's investigation.

Respondent admitted the allegations but claimed at a hearing before a referee that

his neglect and misrepresentations were the result of being assigned by his law firm more work than he could handle. He stated he had recently gone into solo practice and would be able to control his workload. We rejected overwork as an excuse or even an explanation for the disregard of respondent's duties to his clients, the court and the Director and, adopting the referee's findings, indefinitely suspended respondent for a minimum of 18 months. *In re McCoy II*, 422 N.W.2d 731 (Minn.1988).

The misconduct that is the subject of this proceeding arose out of six cases that were pending at the time of respondent's suspension in 1988. These cases were brought to the Director's attention during and after the disciplinary proceedings that led to respondent's suspension. The Director now argues that this court would have imposed a more severe sanction if these additional matters had been before the court in 1988.

■ In the first matter respondent was retained to represent a client in a personal injury suit relating to an accident that occurred in December 1982. Respondent took no action on the case from 1982 to 1987. He failed to communicate with his client until the summer of 1987, then falsely told the client and the client's father, that he had brought suit. In September 1987 respondent asked the client to sign a release indicating the case had been settled for $6,500. The case had not been settled and such a settlement offer had never been made. The client's father, concerned about the statute of limitations, tried repeatedly to obtain his son's file from respondent after respondent's suspension. Respondent promised to return the file several times, but failed to do so and on three occasions failed to deliver the files to the father at prearranged meetings. A second attorney, retained by the father to bring suit on his son's behalf in December 1988 shortly before the expiration of the statute of limitations, was forced to file suit without original documents, such as the accident report, which respondent never returned. Respondent's conduct violated Rules 1.3, 1.15(b)(4), and 1.16(d), Minnesota

Rules of Professional Conduct (MRPC), and Rule 26(d), RLPR.

The second matter involved a couple who retained respondent in 1985 to represent them in the husband's adoption of the wife's son. Respondent told the clients to bring the child and meet him at the Ramsey County Juvenile Center in May 1986 for an adoption hearing. The clients met respondent who told them to wait in the hallway while he went into the courtroom. When respondent came out of the courtroom, he falsely told the clients the adoption was completed except for the filing of one document. In fact, he had never filed an adoption petition and no adoption hearing had taken place in the courtroom. He performed no additional work on the adoption, did not respond to requests for information, and failed to return the clients' file despite several requests by the clients' new attorney. Respondent's conduct violated Rules 1.3, 1.4, 1.15(b)(4), 1.16(d), and 8.4(c), MRPC, and Rule 26(d), RLPR.

In a third matter respondent represented a client in collecting a judgment for unpaid child support. He collected various amounts between 1985 and 1988, but part of the judgment remained unsatisfied. Respondent made no accounting to the client. He did not reply to the client's letter of inquiry, nor did he return the client's file when he was suspended even though the Director requested its return. Respondent's conduct violated Rules 1.15(b)(4), 1.16(d), MRPC, and Rule 26(d), RLPR.

In the fourth matter a client retained respondent in April 1986 to represent her son in a personal injury action. The client made repeated requests for the return of her son's file so that she could retain substitute counsel. Respondent did not reply to her requests. Respondent's conduct violated Rules 1.15(b)(4), 1.16(d), MRPC, and Rule 26(d), RLPR.

In the fifth matter respondent was retained in April 1986 to represent a client in a housing discrimination claim. According to statute, an action must be filed within 300 days of the discriminatory events. Respondent falsely told the client several times in 1986 that he had filed suit and that

an action was pending in Ramsey County District Court. Respondent did not commence suit within the statute of limitations. He did not return the client's file. In June 1988 the client brought a legal malpractice action against respondent and the law firm where he was previously employed. Respondent failed to produce the client's file even after being served with a request for production of documents and failed to appear at a hearing to compel discovery. When the court ordered respondent to respond to the request for the production of documents, he claimed that he did not have the file. His former law firm stated in their response to the litigation that respondent took the file with him when he left the firm. Respondent's conduct violated Rules 1.3, 1.4, 1.15(b)(4), 1.16(d), 3.4(c) and 8.4(d), MRPC, and Rule 26(d), RLPR.

In the sixth matter a client retained respondent to appeal a discrimination suit in United States District Court. Respondent filed the notice of appeal, but did not file the required designation of record. The chief deputy wrote to respondent notifying him that the appeal would be dismissed unless a designation of record was filed within 15 days. When respondent failed to file the designation of record, the appeal was dismissed. Respondent's conduct violated Rule 1.3, MRPC.

Finally, respondent failed to cooperate with the ethics investigation. He failed to respond to 14 letters from the Director's office requesting written responses in the client matters discussed above. He did not return his clients' files and papers after his suspension and he failed to file the affidavit required of suspended attorneys under Rule 26(e), RLPR.

We have said many times that the purpose of attorney discipline is not to punish the attorney, but to protect the public and deter future misconduct. *In re Jensen*, 418 N.W.2d 721, 722 (Minn.1988). In determining the appropriate discipline, we carefully consider the nature of the misconduct, the cumulative weight of the disciplinary violations and the harm to the public and the legal profession. *In re Schaefer*, 423 N.W.2d 680, 683 (Minn.1988). The factors

to be examined include the number of clients harmed, the extent of the clients' injuries, prior misconduct and discipline and any mitigating circumstances. *In re Flanery*, 431 N.W.2d 115, 118 (Minn.1988). Although prior cases may be helpful by analogy, each case must be decided on its unique facts and circumstances. *In re Logan*, 442 N.W.2d 312, 316 (Minn.1989); *In re Madsen*, 426 N.W.2d 434, 436 (Minn. 1988).

Multiple incidents of neglect of client matters, misrepresentations, failure to return client files and papers, failure to respond to a court order, and failure to cooperate in a disciplinary investigation warrant stringent discipline. We have imposed severe sanctions in cases involving repeated instances of client neglect. In *Flanery*, for example, where the attorney neglected 10 matters involving seven clients, the discipline imposed was an indefinite suspension for five years. 431 N.W.2d at 118. In *Logan*, 442 N.W.2d 312, we ordered indefinite suspension. Respondent's neglect of client matters, misrepresentations and noncooperation, though similar to *Logan*, continued for a longer period of time and are more serious. Also, Logan had practiced successfully for about six years before she began neglecting client matters in 1987 and had no prior disciplinary history. In contrast, respondent has appeared before this court in three separate disciplinary proceedings in his seven years of practice, the first appearance being three years after his admission to the bar.

We ordered disbarment in another case involving an attorney who appeared before the court in three separate disciplinary proceedings. *In re Braggans*, 280 N.W.2d 34 (Minn.1979). Braggans was disbarred because of numerous instances of client neglect and for continuing the general practice of law after being ordered to close his office and limit his practice to certain specified financial institutions. He raised no defenses and presented no mitigating circumstances to justify a lesser sanction.

Respondent's clients suffered monetary and nonmonetary injuries as a result of

respondent's neglect, misrepresentations and failure to return files. Two clients had to obtain new attorneys to represent them. Two other clients will need to retain substitute counsel. Respondent did not return documents such as accident reports and correspondence needed by clients to pursue their claims. One client lost his cause of action because respondent failed to file suit within the statute of limitations. Another client's appeal was dismissed because respondent failed to file the necessary documents. Other clients believed the adoption of their child had been completed. This harm to clients alone warrants disbarment. Beyond that, respondent's failure to cooperate with the Director in the disciplinary investigation constitutes a separate act of misconduct. *In re Cartwright,* 282 N.W.2d 548, 552 (Minn.1979).

During the pendency of this disciplinary proceeding respondent submitted a petition for resignation which we denied. As we have previously noted, this court will not entertain petitions for resignation while disciplinary petitions alleging serious misconduct are pending. *See In re Jones,* 383 N.W.2d 303, 307 (Minn.1986). When a lawyer's flagrant violations of professional responsibilities justify disbarment, resignation will not be allowed. *In re Johnson,* 290 N.W.2d 604, 606 (Minn.1980); *In re Hetland,* 275 N.W.2d 582, 584–85 (Minn. 1978). To permit a lawyer to resign when disbarment is clearly called for would not serve the ends of justice nor deter others from legal misconduct. *Johnson,* 290 N.W.2d at 585; *In re Streater,* 262 Minn. 538, 543–44, 115 N.W.2d 729, 733 (1962).

Respondent presented no mitigating circumstances in this or any prior disciplinary proceeding. Despite being disciplined twice within a three-year period, he has made no attempt to conduct himself with the high degree of integrity and diligence expected of a lawyer. In fact, respondent has never accepted responsibility or expressed remorse for the harms his clients suffered due to his inexcusable misconduct.

Accordingly, we order that respondent Louis J. McCoy be, and hereby is, disbarred from the practice of law in the State of Minnesota.