In re Petition for DISCIPLINARY AC-
TION AGAINST David L. BREH-
MER, an Attorney at Law of the State
of Minnesota.

No. C3–00–529.

Supreme Court of Minnesota.

April 18, 2002.

David L. Brehmer, Eden Prairie, pro se.

Edward J. Cleary, Director, Timothy M.
Burke, Senior Assistant Director, St. Paul,
for respondent.

## OPINION

PER CURIAM.

Respondent David L. Brehmer was li-
censed to practice law in Minnesota on
October 27, 1989. On May 17, 2001, the

Director of the Office of Lawyers Professional Responsibility served charges of unprofessional conduct on Brehmer pursuant to Rule 9(a), Rules on Lawyers Professional Responsibility (RLPR). On June 7, 2001, Brehmer failed to appear at a mandatory prehearing meeting concerning the charges as required by Rule 9(e), RLPR. As a result, the director made a motion to the Chair of the Lawyers Professional Responsibility Board Panel, under Rule 10(d), RLPR, to bypass further panel proceedings and file a petition for disciplinary action under Rule 12, RLPR. The chair granted the director's motion.

On September 12, 2001, Brehmer was served with a Notice and Petition for Disciplinary Action. The notice and petition were filed on September 19, 2001. Brehmer failed to serve or file an answer to the petition and, on October 8, 2001, the director served and filed a motion for summary relief pursuant to Rule 13(b), RLPR. On October 19, 2001, this court granted the director's motion and issued an order deeming the facts of the petition admitted pursuant to Rule 13(b), RLPR. In the order, Brehmer and the director were given until November 19, 2001, to submit written proposals to the court regarding the appropriate discipline to impose on Brehmer. The director submitted a proposal recommending that Brehmer be disbarred. Brehmer did not submit a proposal or otherwise respond to the court's October 19 order.[1] Because Brehmer's misconduct is deemed admitted, the only issue to be resolved by the court is the appropriate discipline.

Brehmer has an extensive disciplinary history. On September 14, 1995, he was admonished for failing to submit a required informational statement in a timely manner, failing to inform a client that the client's case would be dismissed if the informational statement were not filed, and withdrawing from representation without telling the client that the dismissal deadline for filing the informational statement had passed. On February 23, 1996, Brehmer received two more admonitions. The first was for failing to communicate clearly his billing practices to a client, failing to return the client's telephone calls, failing to abide by the client's decision to request an apology from the Hennepin County District Court, failing to pursue the client's matter diligently, and failing to communicate adequately with the client. The second admonition was for failing to pursue a client's matter diligently, failing to return the client's telephone calls, failing to communicate clearly to the client the status of the client's claim, and asserting a lien on a claim for fees in an unrelated matter.

On September 24, 1997, this court placed Brehmer on private probation for a period of two years for failing to pursue his clients' matter diligently and failing to communicate with his clients. On May 14, 1999, Brehmer received another admonition for pursuing bad faith, frivolous litigation; failing to file a court-ordered reply brief or written response addressing sanctions; and failing to draft appellate briefs pursuant to court rules. On May 24, 1999, Brehmer's private probation was extended for an additional year because, while on probation, Brehmer failed to deposit a client's funds into a trust account, failed to handle a client matter with the requisite thoroughness and preparation, failed to communicate adequately with the client, and failed to identify a client matter on inventories that he was required to provide monthly to his probation supervisor.

---

1. Although Brehmer did not serve or file any response to the court's October 19 order, he did appear at the hearing before this court.

Finally, on January 4, 2001, this court suspended Brehmer from the practice of law for a minimum of one year for pursuing frivolous claims, making false statements to the court, violating court orders and rules, failing to prepare for trial, failing to comply with court-imposed deadlines, the unauthorized practice of law in Wisconsin, failing to attend depositions, noncommunication, failing to maintain clients' retainers and cost advances in a trust account, failing to provide an accounting of clients' funds, failing to return unearned fees, neglect of client matters, fraudulently executing client affidavits, violating the conditions of his probation, and failing to cooperate with disciplinary investigations. *In re Brehmer*, 620 N.W.2d 554, 556–60 (Minn.2001).

The misconduct giving rise to the current petition for disciplinary action occurred between September 1999 and July 2001. The petition contains 19 separate counts of professional misconduct, involving multiple violations of our Rules of Professional Conduct. The misconduct violated Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 1.5(a), 1.15(b), 1.15(c), 1.15(c)(3), 1.15(c)(4), 1.15(h), 1.16(d), 3.2, 3.4(c), 8.1(a)(3), 8.4(b), 8.4(c), and 8.4(d), and Rules 25 and 26, RLPR. Each of these rules was violated at least once.

Summarily, Brehmer's professional misconduct includes neglect of client matters, noncommunication with clients, failure to return client files and unearned fees, failure to provide an accounting of services and bills, failure to inform clients of his suspension, charging unreasonable fees, failure to pay a malpractice judgment, failure to respond to a criminal summons, failure to pay a judgment to a former client, improper trust account practices and record keeping, failure to pay certain federal and state taxes, and failure to cooperate with disciplinary authorities.

Brehmer's misconduct has resulted in direct monetary and nonmonetary harm to a number of his clients above and beyond the harm that ordinarily accompanies the mishandling and neglect of client matters. *See In re Grzybek*, 567 N.W.2d 259, 263 (Minn.1997) (noting the "substantial inconvenience and unnecessary frustration" that clients suffered due to an attorney's misconduct). At least six clients paid a total of approximately $6,750 in retainers for work Brehmer never performed. Brehmer never returned these unearned retainers to the clients involved. In addition, two clients had their case dismissed, one client had to obtain documents from the court after Brehmer failed to return the client's file, and one client was issued an order to show cause.

## I.

As we have said many times, the purposes of attorney discipline are to protect the public, the legal profession, and to guard the administration of justice. *Brehmer*, 620 N.W.2d at 561; *In re Madsen*, 426 N.W.2d 434, 435 (Minn.1988). We determine the appropriate discipline by considering: (1) the nature of the misconduct; (2) the cumulative weight of the rule violations; (3) the harm to the public; and (4) the harm to the legal profession. *Brehmer*, 620 N.W.2d at 561; *Madsen*, 426 N.W.2d at 436. An attorney's prior disciplinary history is relevant to the determination of the appropriate discipline. *In re Harp*, 560 N.W.2d 696, 700 (Minn.1997). For guidance in determining the appropriate discipline, we may turn to cases involving similar attorney misconduct. *Brehmer*, 620 N.W.2d at 561; *Harp*, 560 N.W.2d at 700–01. Nonetheless, we decide each case on its unique facts and circumstances. *In re McCoy*, 447 N.W.2d 887, 890 (Minn.1989).

## II.

Based on Brehmer's admitted misconduct, we conclude that Brehmer has engaged in an ongoing pattern of serious misconduct. Standing alone, that misconduct would warrant severe discipline. *See In re Flanery*, 431 N.W.2d 115, 118 (Minn. 1988) (recognizing that, in cases of neglect of more than one client's matters, this court has typically ordered either indefinite suspension or disbarment). His misconduct does not, however, stand alone. Much of the misconduct is similar, if not identical, to the misconduct that resulted in his previous discipline. *See, e.g., In re Getty*, 518 N.W.2d 18, 21 (Minn.1994) (disbarring attorney whose misconduct was according to persistent pattern). Moreover, some of the misconduct occurred while Brehmer was suspended or otherwise subject to public discipline. *See In re Ray*, 610 N.W.2d 342, 346 (Minn.2000) (noting that this court applies severe discipline for unauthorized practice of law during suspension when suspension was imposed because of disciplinary violations).

■ Disbarment is an appropriate sanction for attorneys who engage in an ongoing pattern of serious misconduct. *See Grzybek*, 567 N.W.2d at 265 (disbarring attorney for repeated neglect of client matters, failure to cooperate with disciplinary authorities, misappropriation of $750 in client funds, and failure to comply with court orders); *Harp*, 560 N.W.2d at 697, 701 (disbarring attorney for failure to comply with supervised probation order, client neglect and noncommunication, failure to pay judgment and federal and state taxes, various trust account violations, failure to return client files and unearned fees, unauthorized practice of law, abandonment of his law practice, and noncooperation with disciplinary authorities); *McCoy*, 447 N.W.2d at 890–91 (disbarring attorney for neglect of multiple client matters, misrep-

resentation, and failure to return client files); *In re Simonson*, 420 N.W.2d 903, 904–05, 907 (Minn.1988) (disbarring attorney for misappropriation of client funds, failure to pay state and federal payroll taxes with respect to employees, and failure to maintain appropriate and required business and trust account records); *In re Weyhrich*, 339 N.W.2d 274, 276–79 (Minn. 1983) (disbarring attorney for gross neglect of client matters, noncommunication with clients, failure to make scheduled court appearances without excuse, conducting bad-faith litigation, and failure to cooperate with disciplinary authorities).

In light of the purposes underlying our attorney discipline system, especially our responsibility to protect the public, we conclude that disbarment is the appropriate discipline for Brehmer based on his numerous and serious violations of our rules of professional conduct, the harm those violations caused to his clients, his extensive disciplinary history, his failure to comply with the terms of earlier discipline, the lack of any mitigating circumstances, and his failure to cooperate with the director's office in this disciplinary matter. Therefore, we order that, upon the filing of this opinion, David L. Brehmer is disbarred from the practice of law in the State of Minnesota.

Disbarred.