In re Petition for DISCIPLINARY AC-
TION AGAINST Lewis M. KOSS, an
Attorney at Law of the State of
Minnesota.

No. C2–96–2024.

Supreme Court of Minnesota.

June 1, 2000.

Lewis M. Koss, Law Offices of Robert J.
Vars, Encino, CA, for appellant.

Edward J. Cleary, Kenneth Jorgensen,
Mary L. Galvin, Office of Lawyers Profes-
sional Responsibility, St. Paul, for respon-
dent.

## OPINION

PER CURIAM

On December 11, 1997, we suspended
respondent Lewis M. Koss from the prac-
tice of law in Minnesota as a result of his
convictions for mail fraud and racketeering
in California in 1991. Respondent re-

quested a disciplinary hearing and a referee was appointed. After a full hearing on the merits, the referee concluded the respondent violated Minn. R. Prof. Conduct 8.4(b), (c), (d), relating to engaging in criminal conduct, dishonesty, and conduct prejudicial to the administration of justice, and recommended his disbarment.

█ Respondent was convicted of three counts of felony mail fraud and one count of felony racketeering in the United States District Court for the Southern District of California on June 25, 1991. The convictions were based on respondent's participation in a network of attorneys known as the "Alliance" which engaged in the defrauding of insurance companies of millions of dollars in legal fees in a series of schemes involving the manipulation of civil litigation, including the payment of kickbacks to opposing attorneys and to clients to encourage them to continue litigation, splitting of fees, sharing of office expenses among adverse counsel, and delaying the settlement of lawsuits until the insurance companies were unable or unwilling to pay further legal fees. Respondent was sentenced to concurrent sentences of 46 months for each of his four convictions and fined $100,000. On appeal to the Ninth Circuit Court of Appeals, his convictions were affirmed. *See United States v. Mason*, Nos. 91–50690, et al., 1994 WL 266102, at \*35 (9th Cir. June 15, 1994).

The California Supreme Court ordered respondent's summary disbarment on May 1, 1996, based upon respondent's felony convictions. In Minnesota, the Director of the Office of Lawyers Professional Responsibility filed a petition for reciprocal discipline pursuant to Rule 12(d), Rules on

Lawyers Professional Responsibility (RLPR). In addition, the Director sought disbarment based upon respondent's criminal activities in violation of Minn. R. Prof. Conduct 8.4(b), (c), and (d), relating to engaging in criminal conduct, dishonesty and conduct prejudicial to the administration of justice. We temporarily suspended respondent from the practice of law on December 11, 1997, but declined to impose reciprocal discipline under Rule 12(d), RLPR, because the California Supreme Court, in accordance with California's summary disbarment statute,[1] had failed to provide for a hearing or allow the consideration of mitigating circumstances. *See In re Koss,* 572 N.W.2d 276, 277–78 (Minn. 1997). We ordered that respondent petition the court for a disciplinary hearing by April 12, 1999, a date six months subsequent to his scheduled release from prison, and if he failed to do so, the court would order his disbarment. *See id.* at 278. We also warned respondent that he would have a heavy burden at a future disciplinary hearing because a felony conviction generally warrants disbarment absent significant mitigating factors. *See id.*

On April 6, 1999, the New York Supreme Court, Appellate Division, ordered that respondent be stricken from the roll of attorneys in that state due to his felony convictions.

Respondent timely petitioned this court for a disciplinary hearing on April 9, 1999. Respondent appeared and testified at the hearing, and in recommending disbarment the referee concluded that respondent's criminal conduct violated Minn. R. Prof. Conduct 8.4(b), (c) and (d).[2] The referee further noted that respondent did not offer

---

1. *See* Cal. Bus. & Prof.Code § 6102(c) (West 1990).

2. Rule 8.4 prohibits behavior by an attorney that is criminal and reflects adversely on the attorney's honesty, that is dishonest or fraudulent, or that is prejudicial to the administration of justice:
   It is professional misconduct for a lawyer to:
   \* \* \*

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice \* \* \*.
Minn. R. Prof. Conduct 8.4(b)—(d).

any character evidence in mitigation or any expression of contrition, and that there were no mitigating factors.

▬ Respondent did not order a transcript of the hearing and therefore the referee's findings of fact and conclusions of law are deemed admitted pursuant to Rule 14(e), RLPR. We only consider the appropriate discipline. We give the referee's recommendation great weight but have the final responsibility for determining a disciplinary sanction. *See In re Shoemaker,* 518 N.W.2d 552, 554–55 (Minn.1994). In determining an appropriate sanction, we consider the nature of the misconduct, the cumulative weight of the disciplinary violations, the harm to the public and the harm to the legal profession. *See In re Sigler,* 512 N.W.2d 899, 901 (Minn.1994). We impose sanctions on a case-by-case basis, considering both aggravating and mitigating circumstances, but look to similar cases for guidance. *See id; In re Iliff,* 487 N.W.2d 234, 236 (Minn.1992). We also weigh the relevant considerations in light of the purpose of attorney discipline which is not to punish the attorney but to protect the courts, the public and the legal profession, and to guard the administration of justice. *See In re Madsen,* 426 N.W.2d 434, 435 (Minn.1988) (citing *In re Peck,* 302 N.W.2d 356, 359 (Minn.1981)).

▬ Our previous cases have made plain that a felony conviction warrants disbarment unless there are significant mitigating factors. *See, e.g., In re Anderley,* 481 N.W.2d 366, 369 (Minn.1992). We have generally disbarred attorneys convicted of racketeering or mail fraud, *see id.* at 370 (disbarring attorney who pled guilty to mail fraud); *In re Kraemer,* 361 N.W.2d 402, 405 (Minn.1985) (disbarring attorney convicted of interstate transportation of stolen goods, mail fraud, conspiracy, and theft); *In re Holman,* 322 N.W.2d 726, 726 (Minn.1982) (disbarring attorney convicted of racketeering, aiding and abetting, interstate transportation of property obtained by fraud and mail fraud), as well as attorneys who have committed felonies in the course of their law practice, *see In re Shoemaker,* 518 N.W.2d at 555 (disbarring attorney who misappropriated funds from law firm employer).

The referee concluded that respondent failed to show any mitigating circumstances or contrition for his conduct justifying a sanction less severe than disbarment. We agree.

Disbarment is ordered.

Respondent is ordered to pay $900 in costs and disbursements pursuant to Rules 24(a) and (b), RLPR.