624 N.W.2d 667 (2001)
2001 ND 63
In the Matter of the Application for DISCIPLINARY ACTION AGAINST Michael E. KELLER, a Person Admitted to the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,
v.
Michael E. Keller, Respondent.
No. 20010068.
Supreme Court of North Dakota.
March 28, 2001.
INTERIM SUSPENSION ORDERED.
PER CURIAM.
[¶ 1] On March 16, 2001, an Application for Interim Suspension of Michael E. Keller (Keller), a person admitted to the Bar of North Dakota, and supporting Affidavits with attached exhibits, were filed under Rule 3.4, North Dakota Rules for Lawyer Discipline (N.D.R. Lawyer Discipl.) by Loralyn K. Hegland, Assistant Disciplinary Counsel for the Disciplinary Board of the Supreme Court. The Affidavit indicates that complaints have been filed against Keller by clients who have not been informed that Keller's license to practice law was suspended, effective December 31, 2000, for noncompliance with rules regarding Continuing Legal Education as required by N.D.R. Lawyer Discipl. 6.3.
[¶ 2] On March 22, 2001, a Supplemental Affidavit in Support of Application for Interim Suspension with attached exhibits was filed by Paul W. Jacobson, Disciplinary Counsel for the Disciplinary Board of the Supreme Court. The Supplemental Affidavit indicates that Keller was attorney in fact for the administration of seven quarters of land on behalf of Michael Moore and his three sisters. The Supplemental Affidavit further alleges that renters of two quarters had paid Keller $22,576 in 1999 and 2000 and taxes on the land of $15,677.98 for 1999 and 2000 are unpaid. The Supplemental Affidavit asserts that there is less than $1000 in the Michael Moore account leaving a substantial sum unaccounted for.
[¶ 3] On March 28, 2001, Keller filed an Affidavit and Response to Application for Interim Suspension. Keller's Affidavit admits that he did not inform Gregary L. Atchley (Atchley) of Keller's suspension because he believed he could comply with the Continuing Legal Education requirements and be reinstated in a short time period, but found it was more difficult than expected. Keller asserts that he will immediately forward Atchley's file to him. Further, Keller's Affidavit admits that he did not inform Michael Moore (Moore) of his suspension because he did not perform legal work for Moore. Keller asserts that he will provide Moore with notice and forward his file to him within 10 days. Keller further asserts that he plans to close his office by mid-April 2001 and that he will be notifying his clients of his suspended status and make their files available to them within 10 days. Under these circumstances, *668 Keller does not believe he presents a substantial threat of irreparable harm to the public.
[¶ 4] The Application requests immediate suspension of Keller's certificate of admission to the Bar of North Dakota and appointment of a professional trustee under Rule 6.4, N.D.R. Lawyer Discipl. The Court considered the matter, and
[¶ 5] ORDERED, Michael E. Keller's certificate of admission to the Bar of the State of North Dakota is suspended under Rule 3.4, N.D.R. Lawyer Discipl., effective immediately and until further order of this Court, pending disposition of the proceedings predicated upon the conduct giving rise to the Application.
[¶ 6] FURTHER ORDERED, Assistant Disciplinary Counsel promptly apply to the presiding judge of the Northeast Central Judicial District for a professional trustee as provided in Rule 6.4 N.D.R. Lawyer Discipl.
[¶ 7] Dated at Bismarck, N.D., this 28th day of March, 2001.
[¶ 8] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, DALE V. SANDSTROM, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.