In re Petition for DISCIPLINARY ACTION AGAINST Michael E. KELLER, an Attorney at Law of the State of Minnesota.

No. C0–01–1051.

Supreme Court of Minnesota.

Feb. 13, 2003.

Martin A. Cole, Acting Director, Candice M. Hojan, Senior Assistant Director, St. Paul, MN, for Office of Lawyers Professional Responsibility.

Michael E. Keller, Larimore, ND, for Michael E. Keller.

OPINION

PER CURIAM.

In July 2001, this court suspended Michael E. Keller from the practice of law because a petition for disciplinary action had been filed against him and he could not be found in the state. In September 2002, the North Dakota Supreme Court disbarred Keller for misappropriation of client funds, unauthorized practice of law, failure to communicate adequately with his clients and other violations of the North Dakota Rules of Professional Conduct. On October 7, 2002, we issued an Order to Show Cause why Keller should not be disbarred. Because Keller did not respond to the Order to Show Cause and did not move to vacate the order of suspension or for leave to answer the disciplinary proceeding, and because we conclude that the procedures in North Dakota were consistent with fundamental fairness and due process and that the imposition of identical discipline is neither unjust nor substantially different from that which is warranted under Minnesota law, we order that Keller be disbarred from the practice of law in Minnesota.

Keller was admitted to practice law in North Dakota on October 10, 1984, and in Minnesota on February 14, 1986. He has been suspended from practice in Minnesota since April 1, 2001, for nonpayment of attorney registration fees. His last address on file with the Minnesota attorney registration office is P.O. Box 479, Larimore, North Dakota 58251.

In March 2001, Keller was suspended from the practice of law in North Dakota pending the outcome of disciplinary proceedings in that state. *Disciplinary Bd. of Supreme Court of State v. Keller*, 652 N.W.2d 308, 312 (N.D.2002). In May 2001, the Director of the Minnesota Office of Lawyers Professional Responsibility (Director) filed a petition in this court under

Rule 12(d) of the Rules of Lawyers Professional Responsibility (RLPR), seeking reciprocal discipline in Minnesota.

The Director attempted to make service on Keller at his registered address but was unsuccessful. Accordingly, on July 3, 2001, this court issued an order under Rule 12(c)(1), RLPR, suspending Keller from the practice of law because he could not be found. The order gave him one year to move for vacation of the suspension and for leave to answer the disciplinary petition. He did not do so.

On September 16, 2002, the Director petitioned under Rule 12(c)(2), RLPR, for an order to show cause why Keller should not be disbarred from the practice of law. The petition alleged two grounds for disbarment: (1) Keller's failure to move the court within one year for vacation of his suspension or for leave to answer the petition for disciplinary action and (2) Keller's intervening disbarment by the North Dakota Supreme Court on September 9, 2002. *Keller*, 652 N.W.2d at 312. We issued the requested order on October 7, 2002, requiring Keller to appear on January 9, 2003, to "show cause * * * why the court should not take appropriate action against him under Rule 15, (RLPR)." Rule 15 lists the types of dispositions available in a disciplinary proceeding and includes disbarment. We ordered the Director to serve notice of this order on Keller pursuant to Rule 12(c)(2), RLPR, and permitted the parties to submit written proposals regarding appropriate discipline on or before December 6, 2002.

The Director served notice of the hearing upon Keller by publication, as authorized by Rule 12(c)(2), in newspapers in Fosston, Minnesota, and Grand Forks, North Dakota. The Director filed a brief proposing that Keller be disbarred as reciprocal discipline under Rule 12(d), RLPR. Keller filed no brief or other writ-

ten proposal in response to the Order to Show Cause, and he failed to appear at the January 9 hearing.

### I.

■ " 'The purpose for imposing identical disciplinary sanctions is to prevent a sanctioned attorney from avoiding the consequences of misconduct by simply moving his or her practice to another state.' " *In re Meaden*, 628 N.W.2d 129, 132 (Minn. 2001) (quoting *In re Heinemann*, 606 N.W.2d 62, 64 (Minn.2000)). Rule 12(d) provides in pertinent part that

[u]pon learning from any source that a lawyer licensed to practice in Minnesota has been publicly disciplined or is subject to public disciplinary charges in another jurisdiction, the Director may commence an investigation and, without further proceedings, may file a petition for disciplinary action [in] this Court. * * * Without further proceedings this Court may thereafter impose the identical discipline unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota. If this Court determines that imposition of the identical discipline is not appropriate, it may order such other discipline or such other proceedings as it deems appropriate. Unless the Court determines otherwise, a final adjudication in another jurisdiction that a lawyer had committed certain misconduct shall establish conclusively the misconduct for purposes of disciplinary proceedings in Minnesota.

Rule 12(d), RLPR. Pursuant to the above rule, we determine that the North Dakota Supreme Court's decision has conclusively established Keller's misconduct for purposes of this disciplinary proceeding in Minnesota.

Rule 12(d) authorizes us to impose reciprocal discipline upon Keller unless we determine that the North Dakota proceedings were unfair or that disbarment was substantially different from the discipline warranted in Minnesota. We therefore turn to these issues.

### A. Procedural Fairness

■■■ In order to meet the rule's requirement that a respondent receive fair proceedings in the other jurisdiction, the proceedings must be " 'consistent with fundamental fairness and due process.' " *Meaden,* 628 N.W.2d at 132–33 (quoting *In re Schmidt,* 586 N.W.2d 774, 775 (Minn. 1998)). We therefore "review the record of the underlying proceedings to see if the lawyer being disciplined received notice of the allegations against him and whether he was provided an opportunity to respond to those allegations." *Schmidt,* 586 N.W.2d at 775–76. We have consistently held that when an attorney is given notice of the proceedings and an opportunity to participate in the process by presenting evidence of good character and/or mitigation, this requirement is satisfied. *See, e.g., Meaden,* 628 N.W.2d at 133; *In re Koss,* 611 N.W.2d 14, 15–16 (Minn.2000); *Heinemann,* 606 N.W.2d at 64; *In re Roff,* 581 N.W.2d 32, 34 (Minn.1998).

Keller was repeatedly served with notice of the North Dakota proceedings. *Keller,* 652 N.W.2d at 308, 309. He initially took part in those proceedings, but he later ceased cooperating with them despite his opportunity to present a defense. *Id.; see also In re Keller,* 624 N.W.2d 667, 667 (N.D.2001) (describing Keller's participation early in the North Dakota proceedings).

We have had occasion to examine North Dakota's disciplinary procedures before. In *Schmidt,* we examined a disbarment proceeding in North Dakota and found that process fair because Schmidt "had the opportunity to present a defense and offer mitigating circumstances, but chose not to participate." 586 N.W.2d at 776.

We see no reason to conclude that the North Dakota proceedings were unfair in Keller's case. Like Schmidt, Keller was afforded an opportunity to respond to the complaints against him, but he materially failed to do so. *See Keller,* 652 N.W.2d at 308, 309; *Schmidt,* 586 N.W.2d at 776. Under such circumstances, "[w]e can only conclude that the North Dakota disciplinary proceedings were fundamentally fair and consistent with due process." *Schmidt,* 586 N.W.2d at 776.

### B. Similar Discipline in Minnesota

■■■ Under Rule 12(d), RLPR, reciprocal discipline is inappropriate when "the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota." Pursuant to the same rule, the North Dakota court's holdings establish conclusively that Keller violated North Dakota Rules of Professional Conduct regarding the unauthorized practice of law, competence, diligence, communication with clients, reasonable fees, safekeeping client property, declining or terminating representation, and engaging in conduct involving misrepresentation. *See* Rule 12(d), RLPR; *Keller,* 652 N.W.2d at 308–11. Keller's most serious violation was his misappropriation of more than $15,000 of his clients' money. *Keller,* 652 N.W.2d at 309–311.[1]

---

1. The North Dakota court also noted that there were three aggravating factors in Keller's case: he had a prior disciplinary record, he failed to comply with a disciplinary panel's discovery order, and he had substantial experience in the practice of law. *Keller,* 652 N.W.2d at 311–12.

■ "Disbarment is the usual discipline for attorney misappropriation of client funds except in instances when the attorney presents clear and convincing evidence of substantial mitigating circumstances which show that the attorney did not intentionally convert the funds." *In re LaChapelle*, 491 N.W.2d 17, 21 (Minn.1992); *see also In re Randall*, 562 N.W.2d 679, 680–84 (Minn.1997); *In re Stroble*, 487 N.W.2d 869, 871 (Minn.1992). In light of the seriousness and breadth of Keller's ethical violations, we see no reason to depart from the usual discipline for his conduct. We conclude that disbarment is appropriate under Rules 12(d) and 15, RLPR.

## II.

■ The Director's petition also sought disbarment under Rule 12(c)(2), RLPR, based upon Keller's failure to move the court, within one year of his suspension, for vacation of his suspension or for leave to answer the petition for disciplinary action. Rule 12(c)(2) provides that if an attorney fails to respond to the Order to Show Cause, the court may proceed under Rule 15, RLPR. Rule 15 authorizes the court to impose various dispositions, including disbarment. We conclude that Keller's disbarment is also appropriate under Rules 12(c)(2) and 15, RLPR.

Disbarred.