In re Petition for DISCIPLINARY ACTION AGAINST Steven Paul LUNDEEN, a Minnesota Attorney, Registration No. 273776.

No. A11–0896.

Supreme Court of Minnesota.

March 21, 2012.

Martin A. Cole, Director, Cassie Hanson, Senior Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, Minnesota, for petitioner.

Stephen O'Brien, Minneapolis, Minnesota, for respondent attorney.

## OPINION

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action against respondent Steven Paul Lundeen on May 16, 2011, alleging four counts of professional misconduct, including misappropriation of client funds, failure to pay a law-related debt, failure to return unearned fees, client neglect, making false statements, and failure to cooperate with the disciplinary process. Lundeen failed to file an answer to this petition.

On May 31, 2011, the Director filed a supplementary petition for disciplinary ac-

tion against Lundeen, alleging two additional counts of misconduct, including failure to appear at trial and making false statements to the court. Lundeen failed to file an answer to the supplementary petition. In response to a motion for summary relief from the Director, on June 30, 2011 we ordered that the allegations in both the petition for disciplinary action and the supplementary petition for disciplinary action be deemed admitted.

On November 3, 2011, the Director filed a second supplementary petition for disciplinary action against Lundeen, alleging four additional counts of misconduct, including conversion of client funds, abandonment of client matters, unauthorized practice of law, and a continued failure to participate in the disciplinary process. Lundeen failed to file an answer to the second supplementary petition.

On November 14, 2011, the Director filed a petition for Lundeen's temporary suspension from the practice of law. Lundeen failed to file a response to this petition. On December 1, 2011, we ordered that the allegations in the second supplementary petition and the petition for temporary suspension be deemed admitted and temporarily suspended Lundeen from the practice of law.

Lundeen was admitted to the practice of law in Minnesota in 1997. Lundeen was admonished by the Director in July 2001 for failing to diligently pursue a client matter, failing to adequately communicate with the client, and failing to provide the client with adequate notice of Lundeen's intent to withdraw from representation. Lundeen was also admonished by the Director in February 2010 for failing to satisfy a law-related debt and for making false statements regarding payment of that debt.

The Director requests that we disbar Lundeen. We agree with the Director's assertion that the facts and circumstances of this case merit disbarment. The admitted allegations in the three petitions for disciplinary action are described below as eight matters.[1]

### 1. J.S. Matter

During his representation of J.S., Lundeen failed to place two settlement checks in his trust account. Additionally, Lundeen issued J.S. a settlement check drawn on his business account that was returned for insufficient funds. J.S. obtained a conciliation court judgment against Lundeen and the court ordered Lundeen to complete a financial disclosure form and submit the form to J.S. Lundeen failed to provide the form to J.S. or satisfy the judgment.

Lundeen's conduct in the J.S. matter violated Minn. R. Prof. Conduct 1.15(a), which requires a lawyer to safekeep client property by placing client funds in a trust account. Lundeen also committed professional misconduct by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Minn. R. Prof. Conduct 8.4(c).

### 2. P.S. Matter

P.S. provided court reporting services to Lundeen. Despite repeated requests for payment, Lundeen did not pay P.S.'s bill for those services in the amount of $924.05. P.S. obtained a conciliation court judgment against Lundeen and the court ordered Lundeen to complete a financial disclosure form and submit it to P.S. Lundeen failed to complete the form or satisfy the judgment.

---

1. Each petition contains a separate count for continued noncooperation. All three non-cooperation counts will be discussed together as a single count.

Lundeen's conduct in the P.S. matter violated Minn. R. Prof. Conduct 3.4(c), which prohibits lawyers from knowingly disobeying the rules of a tribunal. Lundeen also engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and in conduct prejudicial to the administration of justice in violation of Minn. R. Prof. Conduct 8.4(c)–(d).

### 3. F.P. Matter

■ In November 2009 Lundeen began representing F.P., a vulnerable client, in two unrelated civil matters. Lundeen frequently failed to communicate with F.P. In July 2010, Lundeen withdrew from one of F.P.'s civil matters on which Lundeen had done no work and returned the file to F.P. Although F.P. requested that Lundeen return the file in his second civil case, Lundeen has not returned the file.

Lundeen's conduct in the F.P. matter violated the Rules of Professional Conduct requiring a lawyer to provide competent representation (Minn. R. Prof. Conduct 1.1), to act with diligence and promptness (Minn. R. Prof. Conduct 1.3), to adequately communicate with clients (Minn. R. Prof. Conduct 1.4), and to protect a client's interests after termination of representation by returning the client's papers and property (Minn. R. Prof. Conduct 1.16(d)). Lundeen also committed misconduct by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Minn. R. Prof. Conduct 8.4(c).

### 4. W.N. Matter

■ Lundeen accepted $712 in advance fees from W.N. to cancel a contract for deed but performed no work on the matter. W.N. demanded an accounting and a refund. Lundeen falsely stated to W.N. that he had recorded a cancellation of the contract for deed. Lundeen also promised W.N. a refund of unearned fees, but failed to appear at three scheduled meetings with W.N. After W.N. filed an ethics complaint with the Office of Lawyers Professional Responsibility, Lundeen told W.N. he would no longer provide a refund. Lundeen has not refunded any unearned fees to W.N.

Lundeen's conduct in the W.N. matter violated all of the same Minnesota Rules of Professional Conduct that he violated in the F.P. matter. Lundeen's conduct in the W.N. matter also violated the Rules of Professional Conduct prohibiting a lawyer from charging unreasonable fees (Minn. R. Prof. Conduct 1.5(a)), prohibiting a lawyer from knowingly making false statements (Minn. R. Prof. Conduct 4.1), and requiring a lawyer to provide an accounting of unearned fees and to deliver funds to a client when that client is entitled to receive them (Minn. R. Prof. Conduct 1.15(b), (c)(4)).

### 5. W.E. Matter

■ During his representation of W.E. in a criminal trial, Lundeen was arrested on suspicion of cocaine possession. As a result, Lundeen failed to appear for the second day of W.E.'s trial. In the days following his arrest and failure to appear, Lundeen made multiple false statements to the court about the reason for his absence. The court declared a mistrial. Lundeen later pleaded guilty to fifth-degree drug possession.

Lundeen's conduct in this matter violated the Rules of Professional Conduct requiring candor toward the tribunal (Minn. R. Prof. Conduct 3.3(a)) and fairness to the opposing party and counsel (Minn. R. Prof. Conduct 3.4(c)), and prohibiting knowing false statements (Minn. R. Prof. Conduct 4.1). Lundeen also committed professional misconduct by committing a criminal act that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer; by engaging in conduct involving dishonesty,

fraud, deceit, or misrepresentation; and by engaging in conduct prejudicial to the administration of justice, in violation of Minn. R. Prof. Conduct 8.4(b)–(d).

### 6. K.P., N.G., J.B., and P.A. Matters

■ Lundeen's representation of K.P., N.G., J.B., and P.A. followed a similar pattern: Lundeen accepted advance fees but performed no work, failed to communicate with the clients, refused to return unearned fees, and made false statements to the clients. In addition, Lundeen was verbally and physically aggressive toward K.P. on one occasion when K.P. requested a refund. Lundeen has also failed to satisfy K.P.'s conciliation court judgment against him. Finally, Lundeen failed to comply with the conciliation court's order for financial disclosure in the K.P. matter until after a bench warrant was issued for his arrest.

Lundeen's conduct in the K.P., N.G., J.B., and P.A. matters violated the Rules of Professional Conduct requiring lawyers to provide competent representation (Minn. R. Prof. Conduct 1.1), to act with diligence and promptness (Minn. R. Prof. Conduct 1.3), to adequately communicate with clients (Minn. R. Prof. Conduct 1.4), and to refrain from making false statements (Minn. R. Prof. Conduct 4.1). Lundeen also committed misconduct by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and by engaging in conduct prejudicial to the administration of justice, in violation of Minn. R. Prof. Conduct 8.4(c)–(d). Additionally, Lundeen's failure to comply with the district court's order for financial disclosure in the K.P. matter until after a bench warrant was issued violated Minn. R. Prof.

Conduct 3.4(c), prohibiting lawyers from knowingly disobeying the rules of a tribunal.

### 7. Unauthorized Practice of Law

■ In June 2011 Lundeen wrote a check in payment of his annual lawyer's registration fee that was returned for insufficient funds. Lundeen failed to make a substitute payment and was administratively suspended for failing to pay his lawyer registration fee. While he was suspended, Lundeen appeared in court, or attempted to appear, on behalf of multiple clients.

Lundeen's conduct violated Minn. R. Prof. Conduct 5.5(a), which prohibits the unauthorized practice of law. Lundeen also committed misconduct by engaging in conduct prejudicial to the administration of justice, in violation of Minn. R. Prof. Conduct 8.4(d).

### 8. Noncooperation

■ Lundeen did not respond to any of the notices of investigation or numerous follow-up letters sent by the Director regarding complaints against Lundeen, even though the notices and letters were sent to the address listed for Lundeen with the Lawyer Registration Office. After July 2011, mail sent to that address was returned to the Director as undeliverable. The Director then attempted to contact Lundeen using the email address listed on Lundeen's website. Lundeen did not respond to this email.[2]

Lundeen's noncooperation in the investigations of the above matters violated Minn. R. Prof. Conduct 8.1(b), prohibiting a lawyer from knowingly failing to respond

---

**2.** Lundeen did not appear at oral argument on January 11, 2012. One day prior to the argument, the court received a letter stating that Lundeen was in in-patient chemical dependency treatment and would not be able to attend the argument. This letter did not request a continuance or claim any mitigating circumstances for Lundeen's misconduct.

to a lawful demand for information in a disciplinary matter, and Rule 25 of the Rules on Lawyers Professional Responsibility, requiring lawyers to cooperate with disciplinary investigations.

*Appropriate Discipline*

Because the allegations of the petitions are deemed admitted, the only question remaining is the appropriate discipline. *In re Grzybek,* 567 N.W.2d 259, 262 (Minn.1997). The purpose of attorney discipline is to protect the public and the judicial system and to deter future misconduct. *In re Rebeau,* 787 N.W.2d 168, 173 (Minn.2010). Factors we consider in determining the appropriate discipline include the nature of the misconduct, the cumulative weight of the disciplinary violations, the harm to the public, and the harm to the legal profession. *In re Fairbairn,* 802 N.W.2d 734, 742 (Minn.2011).

We look to similar cases for guidance as to the discipline to impose. *In re Koss,* 611 N.W.2d 14, 16 (Minn.2000). Discipline is imposed on a case-by-case basis after consideration of both aggravating and mitigating circumstances.[3] *In re Oberhauser,* 679 N.W.2d 153, 159 (Minn. 2004).

We consider misappropriation of client funds a particularly serious violation and "generally disbar attorneys who misappropriate client funds" unless there are " 'substantial mitigating circumstances.' " *In re Wentzel,* 711 N.W.2d 516, 520–21 (Minn.2006) (quoting *In re Weems,* 540 N.W.2d 305, 308 (Minn.1995)). "Misappropriation occurs whenever funds belonging to a client are not deposited in a trust account and are used for any purpose other than that specified by the client." *In re Westby,* 639 N.W.2d 358, 370 (Minn. 2002). Under the admitted facts, Lundeen misappropriated funds belonging to W.N., K.P., N.G., J.B., and P.A., by performing no work on their matters and never returning the funds to the clients. Also, Lundeen misappropriated a portion of the settlement funds due to J.S.

In addition to misappropriation of client funds, Lundeen engaged in many other serious types of misconduct. We have stated that making misrepresentations demonstrates a lack of honesty and integrity, and warrants severe discipline. *In re Ulanowski,* 800 N.W.2d 785, 800 (Minn. 2011). Lundeen made misrepresentations to the court during his representation of W.E. He also made various misrepresentations to multiple clients. We have noted that failure to comply with court orders is a "serious violation" and that "repeated failure to comply with court orders" is itself a ground for disbarment. *Grzybek,* 567 N.W.2d at 264–65. Lundeen failed to comply with several court orders directing him to disclose financial information to judgment creditors. Twice Lundeen failed to comply with court orders until a bench warrant was issued for his arrest. Also, repeated instances of client neglect warrant severe discipline. *In re Swokowski,* 796 N.W.2d 317, 327 (Minn.2011). Lundeen repeatedly failed to take any action on behalf of his clients and ignored client attempts to communicate with him and retrieve files from him.

Cumulatively, Lundeen has misappropriated more than $7,800 from clients.[4]

---

**3.** It is up to the attorney to allege and prove mitigating circumstances. *See In re Sahr,* 444 N.W.2d 290, 292 (Minn.1989). Lundeen failed to answer any of the petitions or file a brief with our court. Therefore, there are no mitigating circumstances for us to consider.

**4.** Although the amount of money misappropriated by a lawyer is not determinative as to the appropriate discipline, we have noted that "the amount of the misappropriation is an appropriate consideration in determining sanctions." *Grzybek,* 567 N.W.2d at 264 n. 1.

We have disbarred attorneys for misappropriation in combination with other misconduct similar to Lundeen's misconduct. *See, e.g., Swokowski,* 796 N.W.2d 317; *In re Day,* 710 N.W.2d 789 (Minn.2006); *Grzybek,* 567 N.W.2d 259. Day was disbarred for misappropriating $500, practicing law while suspended, failing to return client files, and failing to participate in the disciplinary process. 710 N.W.2d at 793–94. Grzybek was disbarred for misappropriating $750, neglecting clients, failing to return client files, and failing to cooperate with the disciplinary process. 567 N.W.2d at 264–65. Swokowski was disbarred for misappropriating $1,000, failing to pay a law-related debt, engaging in a pattern of neglect of client matters, failing to adequately communicate with clients, failing to return client property, and failing to cooperate in the disciplinary investigation. 796 N.W.2d at 320–24.

Lundeen's misconduct harmed his clients in a number of ways. A mistrial was declared in W.E.'s case after Lundeen failed to appear. At least five clients have lost large sums of money paid to Lundeen for work he did not complete. Additionally, some clients were forced to seek new counsel for their legal services needs. In addition to harming his clients, Lundeen's behavior has harmed the general public and the legal profession. His failure to appear in court led to a mistrial, wasting the time and resources of the court system. By engaging in a pattern of client neglect, Lundeen has undermined the public confidence in the legal profession, harming both the public and the profession itself. *See In re Albrecht,* 779 N.W.2d 530, 542 (Minn.2010).

A lawyer's prior disciplinary history is an aggravating factor. *See In re Mayrand,* 723 N.W.2d 261, 269 (Minn. 2006). We consider a lawyer's prior discipline and misconduct when determining the appropriate discipline for new misconduct, and we generally impose more severe sanctions when the current misconduct is similar to the misconduct for which an attorney has already been disciplined. *In re Brooks,* 696 N.W.2d 84, 88 (Minn.2005). This case is similar to *In re Overboe,* 745 N.W.2d 852 (Minn.2008). Overboe had been disciplined twice previously for similar misconduct, misuse of a client trust account, dishonesty, misrepresentations, and false statements. *Id.* at 867. We concluded that Overboe's prior misconduct, and its similarity to the case before us, made it an aggravating factor. *Id.* Lundeen has a history of discipline for similar violations. And Lundeen's failure to cooperate in the disciplinary process means that we have no information about factors that may mitigate Lundeen's conduct. *See Day,* 710 N.W.2d at 794.

Lundeen has demonstrated a disregard for the ethical practice of law by misappropriating client funds, failing to place funds in his trust account, failing to return unearned fees, failing to appear at trial, making false statements to the court and to clients, failing to satisfy a law-related debt, failing to comply with court orders, and failing to cooperate with the Director's investigation.

We order that, upon the filing of this opinion, respondent Steven Paul Lundeen is disbarred from the practice of law in the State of Minnesota. We further order that Lundeen comply with Rule 26, Rules on Lawyers Professional Responsibility (RLPR) (requiring notice of disbarment to clients, opposing counsel, and tribunals), and pay $900 in costs, pursuant to Rule 24, RLPR.

Disbarred.