IN RE Petition for DISCIPLINARY ACTION AGAINST William Keith BUL-

MER, II, a Minnesota Attorney, Registration No. 033778X.

A17-0299

Supreme Court of Minnesota.

Dated: July 20, 2017

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action and a supplementary petition alleging that respondent William Keith Bulmer, II, committed professional misconduct warranting public discipline arising out of sexual relations he had with a client and a witness in separate matters, both of which involved his representation of criminal defendants. He also made false statements to an assistant county attorney who was investigating one of those incidents in order to defend against the allegations of a petition for postconviction relief. *See* Minn. R. Prof. Conduct 1.7(a)(2), 1.8(j), 8.4(c), and 8.4(d).

Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and unconditionally admits the allegations of the petition and the supplementary petition. The parties jointly recommend that the appropriate discipline is an 18-month suspension.

This case presents us with a serious, repeat pattern of inappropriate sexual conduct with participants in criminal proceedings during respondent's representation of criminal defendants. First, prior to the filing of the petition and supplementary petition in this matter, respondent was privately admonished by the Director on three occasions. One of those admonitions was related to an incident in late 2012 or early 2013, in which respondent had sexual relations with a witness while representing a criminal defendant.

Second, as detailed in the current petition for disciplinary action, the allegations of which respondent has admitted, respondent engaged in sexual relations with the wife of a client, apparently in exchange for a reduction or forbearance of his fee. The incident occurred in late 2012. The client had been charged with first-degree murder. Respondent had identified the client's wife as a witness, and when the client learned of the relationship after the trial, he filed a petition for postconviction relief. The basis for the postconviction petition was an alleged conflict of interest arising out of respondent's undisclosed sexual relationship with the wife. When an Assistant County Attorney assigned to represent the State spoke with respondent about the allegations in the postconviction petition, respondent falsely denied the sexual relationship.

Third, as detailed in the supplementary petition for disciplinary action, the allegations of which respondent has also admitted, respondent engaged in sexual relations with a client in a DWI matter. A consensual sexual relationship between respondent and the client did not exist prior to respondent undertaking the representation.

We have imposed significant suspensions on attorneys who engage in sexual relationships with clients. *See In re Olson*, 886 N.W.2d 485, 485 (Minn. 2016) (order) (60-day suspension); *In re Lowe*, 824 N.W.2d 634, 635 (Minn. 2013) (order) (15-month suspension); *In re Mulcahey*, 577 N.W.2d 210, 210 (Minn. 1997) (order) (90-day suspension). We have not previously had occasion to discuss the harm caused by an attorney who engages in a sexual relationship with the spouse of a client who has been charged with a first-degree murder. But with respect to such misconduct, we find persuasive the reasoning of the Supreme Court of Ohio in *Disciplinary Counsel v. Owen*, 30 N.E.3d 910, 916-17 (Ohio 2014), in which the court stated in part:

> [A] lawyer's sexual relationship with the spouse of a current client creates an inherent conflict of interest. This conflict of interest compromises the relationship of trust and confidence between the attorney and client. . . .
>
> . . . .
>
> The defendant in a criminal matter is particularly vulnerable, and especially so in a capital case. . . . The defendant's spouse in such a case is also very vulnerable. The sexual relationship intrudes into the marriage, subjects the client to a double betrayal by the spouse and by the lawyer, destroys the trust essential to the attorney-client relationship, erodes public confidence in the integrity of the legal profession, and undermines the lawyer's loyalty to the client.

In this case, the betrayal of both the client and the client's wife was compounded by the fact that it appears from the allegations of the petition that the sexual relations occurred under circumstances in which coercion might be suspected: the client's wife had fallen behind in her payment of legal fees, and it was suggested that respondent and the wife might "work out a situation because [the wife] didn't have the money to pay him."

Finally, we have imposed significant discipline, including suspensions, on attorneys who have made misrepresentations. Such conduct " 'demonstrates a lack of honesty and integrity, and warrants severe discipline.' " *In re Torgerson*, 870 N.W.2d 602, 614-15 (Minn. 2015) (quoting *In re Lundeen*, 811 N.W.2d 602, 608 (Minn. 2012)). The misrepresentations in this case reflect particularly poorly on both respondent and the legal profession because, by attempting to conceal his own prior misconduct, respondent's false statements tended to

undermine his own client's claim for post-conviction relief.

This court retains the ultimate responsibility for determining the appropriate discipline. *In re Eskola*, 891 N.W.2d 294, 298 (Minn. 2017). The purpose of discipline for professional misconduct is not to punish the attorney but to protect the public and the judicial system and to deter future professional misconduct. *In re Plummer*, 725 N.W.2d 96, 98 (Minn. 2006). Given the seriousness and significant pattern of misconduct that respondent committed, we conclude that the recommended disposition, an 18-month suspension, is insufficient to protect the public and the judicial system and to deter future misconduct. As a result, we reject the parties' recommended disposition. Instead, we conclude that the appropriate disposition is a 3-year suspension.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent William Keith Bulmer, II, is suspended from the practice of law, effective 14 days from the date of the filing of this order, with no right to petition for reinstatement for 3 years.

2. Respondent may petition for reinstatement pursuant to Rule 18(a)-(d), RLPR. Reinstatement is conditioned on successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility and satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR.

3. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/ _____

David R. Stras
Associate Justice